### New York Common Pleas.

*General Term—March,* 1869.

REBECCA  RYAN, Plaintiff  and  Respondent,
*against*  ISAAC  KNAPP, Defendant  and  Ap-
PELLANT.

Where  a  married  woman,  residing  with  her  husband,  sued for the
possession of a sewing-machine, and damages for its detention, and it
appeared that she had purchased the machine with money received
from her husband,—*Held,* that the legal effect of the transaction was
to vest the title in her husband, and that she had no cause of
action.

The plaintiff, a married woman, residing with her
husband, brought action against the defendant to re-
cover damages for the detention of a sewing-machine.
The action came on for trial in the third district court,
city of New York, on June 6, 1866, before Justice
BULL (who was acting in place of Justice SMITH, who

Ryan *v.* Knapp.

was absent). The plaintiff testified on the trial that she bought the machine in January, 1862, and she received the money from her husband. The answer was a general denial. The defendant moved to dismiss the complaint on the ground that the title to the property was in the husband, and that the plaintiff could not maintain the action.

The motion was denied, and the defendant excepted.

The judge rendered a judgment for the plaintiff, allowing her $30, the value of the machine, and $40 for the detention thereof, and costs. From this the defendant appealed.

*McGregor & Bushnell,* for the respondent.

*A. C. Anderson* and *David McAdam,* for the appellant.

Brady, J.—I think the judgment in this case should be reversed. The plaintiff claimed to be the owner of the sewing-machine, the value of which she sought to recover in this action. She said, however, that she received the money from her husband to purchase it, with whom she was then living. The defendant's counsel moved to dismiss the complaint upon the ground that the plaintiff failed to show title. The motion was denied, and no additional evidence was given on that subject. The plaintiff having testified as she did, the legal effect of her evidence was to negative her claim. She alleged that she was the owner of the machine, and proved a fact, the legal effect of which was to vest the title in her husband. She did not state, nor was her husband called to prove, that it was a gift. There was no separate possession of it on her part, and no intention on the part of her husband shown to vest the title exclusively in her. They resided together when the machine was purchased, and con-

tinued so to reside.   Her statement that she was the owner was merely the declaration of a legal conclusion, which the facts did not warrant.   It is no answer to this view that the defendant was bound to plead coverture.   There is no adjudged case in which, under circumstances like these, the defendant has been declared unable to avail himself of such a defect, without such a plea.   It is quite clear, and does not need cases to illustrate the doctrine, that if 'a plaintiff, in an action which depends on alleged title, on his own statement has none, he cannot recover.   The general denial of the defendant put the title in issue, and the plaintiff failed to prove it.   The judgment must be reversed.

DALY, F. J., and CARDOZO, J., concurred.